Melissa N. Licker, Esq.
McCalla Raymer Leibert Pierce, LLC
485F US Highway 1 S, Suite #300
Iselin, NJ 08830
Phone: 732-902-5399
Fax: 732-902-5398
NJ_ECF_Notices@McCalla.com
Attorneys for Secured Creditor

**Order Filed on January 22, 2021
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| In re: | Chapter 13 |
|---|---|
| William Carl Muller, Anita Marjorie Muller, | Case No. 18-30084-JKS |
| | Judge: Hon. John K. Sherwood |
| Debtors. | |

**CONSENT ORDER ADDRESSING PAYMENT OF ESCROW ON TOTAL DEBT CLAIM
OR IN THE ALTERNATIVE VACATING THE AUTOMATIC STAY**

The relief set forth on the following pages, number two (2) through five (5) is hereby

**ORDERED**

**DATED: January 22, 2021**

Honorable John K. Sherwood
United States Bankruptcy Court

| | |
|---|---|
| Page: | 2 |
| Debtor: | William Carl Muller, Anita Marjorie Muller |
| Case No.: | 18-30084-JKS |
| Caption of Order: | CONSENT ORDER ADDRESSING PAYMENT OF ESCROW ON TOTAL DEBT CLAIM OR IN THE ALTERNATIVE VACATING THE AUTOMATIC STAY |

BY AND THROUGH counsel for Nationstar Mortgage LLC d/b/a Mr. Cooper as servicer for U.S. Bank National Association, as trustee for Banc of America Funding 2009-FT1 Trust, Mortgage Pass-Through Certificates, Series 2009-FT1 ("Secured Creditor") and counsel for William Carl Muller and Anita Marjorie Muller (collectively, the "Debtors") with respect to the property known as 219 Highland Ave, River Vale, NJ 07675 (the "Property"), and

WHEREAS Secured Creditor has a secured claim in the amount of $84,056.30 that is being paid in full through the Debtors' confirmed chapter 13 plan (the "Secured Claim"); and

WHEREAS the Secured Claim does not include any post-petition advances for taxes and insurance made for the Debtors' benefit; and

WHEREAS Secured Creditor filed a Supplemental Proof of Claim at Claim Register #24-1 in the amount of $21,541.37 for post-petition taxes and insurance for the Property that Secured Creditor paid as they became due; and

WHEREAS Debtors will be paying Secured Creditor's Secured Claim in full through their confirmed chapter 13 plan; and

WHEREAS Debtors have provided Secured Creditor proof of insurance on the Property and arranged for invoices to be redirected from Secured Creditor to the Debtors going foreword; and

WHEREAS the Debtors do not object to Secured Creditor's Supplemental Proof of Claim; and

WHEREAS the Court noting the consent of the parties to the form substance, and entry of the within Order, and for good cause shown it hereby

ORDERED AS FOLLOWS:

1.    Secured Creditor shall cease making advances for the Debtors' benefit and this loan shall be de-escrowed. The Debtors shall maintain any applicable property insurance and

Page:            3
Debtor:          William Carl Muller, Anita Marjorie Muller
Case No.:        18-30084-JKS
Caption of Order:  CONSENT ORDER ADDRESSING PAYMENT OF ESCROW ON
                 TOTAL DEBT CLAIM OR IN THE ALTERNATIVE VACATING THE
                 AUTOMATIC STAY

timely pay all post-petition taxes due and owing associated with the Property. The Debtors shall

provide proof of such within thirty (30) days of any reasonable request of the Secured Creditor.

2.      Debtors shall file an amended plan to include payment of Secured Creditor's

Supplemental Proof of Claim with fourteen (14) days of entry of this Order.

3.      Except as otherwise expressly provided herein, all remaining non-conflicting

terms of the Note and Mortgage not modified herein shall govern the treatment of Secured

Creditor's Secured Claim and Supplemental Claim.

4.      In the event of any future default on any of the above-described provisions, prior

to the Debtors receiving a discharge and the entry of a final decree, Secured Creditor shall

provide written notice via first class mail to Debtors at 219 Highland Ave, River Vale, NJ 07675

and by email to Debtors' attorney at john@muranoroth.com indicating the nature of default. The

written notice shall provide the Debtors with an opportunity to cure the default within five (5)

business days from the date said written notice is placed in the mail (the "Cure Period") and the

email is sent to Debtors' counsel. If Debtors fail to cure the default amount and all subsequent

payments due prior to the expiration of the Cure Period, then the Secured Creditor may file a

notice of default with the Court seeking relief from the automatic stay. In the event of any future

default on any of the above-described provisions after the Debtors receive a discharge and the

Page:              4
Debtor:            William Carl Muller, Anita Marjorie Muller
Case No.:          18-30084-JKS
Caption of Order:  CONSENT ORDER ADDRESSING PAYMENT OF ESCROW ON
                   TOTAL DEBT CLAIM OR IN THE ALTERNATIVE VACATING THE
                   AUTOMATIC STAY

entry of a final decree, Secured Creditor shall proceed with default remedies under the terms of

the Note and Mortgage and pursuant to applicable state law.

5.    The acceptance by Secured Creditor of a late or partial payment shall not act as a

waiver of Secured Creditor's right to proceed hereunder.

6.    The terms of this Consent Order are contingent upon the confirmation of the

Debtors' forthcoming modified Chapter 13 plan. The terms of this Consent Order shall be

incorporated into any amended plan and/or the order of confirmation. In the event of any

discrepancy between the terms of this Consent Order and the terms of the Debtors' modified

Chapter 13 plan, the terms of this Consent Order shall control the treatment of Secured

Creditor's claim.

7.    In the event the Debtors' case is dismissed or converted to any other chapter under

Title 11 of the United States Bankruptcy Code prior to completion of the Debtors' Chapter 13

Plan payments, receipt of a discharge, and entry of a final decree, the terms of this Consent Order

shall be void and Secured Creditor shall retain its lien in the full amount due under the Note.

8.    In the event the Debtors seek to sell the Property prior to the Debtors' receipt of a

discharge and entry of a final decree, the parties shall retain all rights under 11 U.S.C. § 363. In

the event the Debtors sell the Property or seek to prepay Secured Creditor's Secured Claim prior

Page:             5
Debtor:           William Carl Muller, Anita Marjorie Muller
Case No.:         18-30084-JKS
Caption of Order: CONSENT ORDER ADDRESSING PAYMENT OF ESCROW ON
                  TOTAL DEBT CLAIM OR IN THE ALTERNATIVE VACATING THE
                  AUTOMATIC STAY

9.      to the Debtors' receipt of a discharge and entry of a final decree, Secured Creditor shall retain its lien in the full amount due under the Note.

10.     Secured Creditor shall not be required to release the loan from bankruptcy status and release its lien on the Property statements until entry of a Chapter 13 discharge order and the close of the Debtor's Chapter 13 case. Upon the entry of a Chapter 13 discharge order and the close of the Debtor's Chapter 13 case, Secured Creditor shall have thirty (30) days to release the loan from bankruptcy status and commence steps toward releasing its lien on the Property.

Consent to Form and Entry

**McCalla Raymer Leibert Pierce, LLC**
Attorneys for the Secured Creditor

By: _____
    Melissa N. Licker

**Murano & Roth, LLC**
Attorneys for the Debtors

By: _____
    John F. Murano